# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                   Case No. 07-CR-215

**ANDREW COX**
        Defendant.

## SENTENCING MEMORANDUM

Defendant Andrew Cox pleaded guilty to participation in a conspiracy to distribute ecstasy, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846, and the case proceeded to sentencing. In imposing sentence, the court must first calculate the advisory guideline range, then determine an appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Holt</u>, 486 F.3d 997, 1004 (7th Cir. 2007). Without objection, I adopted the guideline calculations contained in defendant's pre-sentence report ("PSR"): offense level 17,[1] criminal history category I, and 24-30 months imprisonment. I then determined that a sentence of probation with a condition of home confinement was sufficient to satisfy the purposes of sentencing under § 3553(a). This memorandum contains written reasons for the sentence imposed. <u>See</u> 18 U.S.C. § 3553(c).

## I. SENTENCING FACTORS

In imposing sentence, the district court must consider:

---

[1] The PSR set a base level of 24 under U.S.S.G. § 2D1.1(c)(8) based on a drug weight of 683 dose units of ecstasy, which converted to 85 kg of THC, then subtracted 2 levels under the safety valve provision, §§ 2D1.1(b)(11); 5C1.2, 2 levels for minor role in the offense, § 3B1.2(b), and 3 levels for acceptance of responsibility, § 3E1.1.

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing, which are just punishment, deterrence, protection of the public and rehabilitation of the defendant. § 3553(a)(2). In determining a sufficient sentence, the district court may not presume that the guideline sentence is the correct one. Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, after accurately calculating the advisory range so that it "can derive whatever insight the guidelines have to offer, [the district court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Thus, even where the guidelines recommend prison, the court may,

2

in a case where probation is an available sentence under § 3553(a)(3), reject that recommendation and instead impose a sentence served in the community. See Gall v. United States, 128 S. Ct. 586 (2007).

## II. DISCUSSION

### A. Nature of Offense

Defendant came to the attention of law enforcement officers investigating Derek Seib, a long-time drug dealer. In May and June 2007, an undercover officer made controlled buys of ecstasy from Nicholas Lewandowski, whom Seib supplied. On June 15, 2007, officers arrested Seib, who stated that defendant had introduced him to an ecstasy supplier in exchange for 10% of the profits. Under the control of law enforcement, Seib then called defendant and the two discussed payment. In a later statement to law enforcement, defendant admitted introducing Seib to Cheng and Chameng Lee, the ecstasy suppliers.

The conspiracy lasted just two months, and the parties agreed that defendant's role in it was minor: he simply introduced a dealer to a supplier; at most, he personally handled drugs one time; and he never actually received any money. Defendant promptly admitted his crime, shared all information he had about the offense, and pleaded guilty, accepting full responsibility.

### B. Character of Defendant

Defendant was twenty years old and had no prior record. He lived with his elderly and infirm grandparents and assisted them a great deal. His family remained supportive and made positive comments about him. Defendant was engaged to his girlfriend, the mother of their 1 ½ year old son. Their wedding had apparently been put on hold as a result of this case, but

3

she planned to stick with him, indicating that he was an involved father. I received positive letters from defendant's fiancé, mother and grandfather.

Defendant had some history of substance abuse, but he stopped that activity since his arrest in this case, as all screens on pre-trial release had been negative. He also voluntarily involved himself in treatment, and his counselor indicated that he was doing well. Defendant graduated high school and worked steadily as a machine operator.

**C.  Purposes of Sentencing**

Drug distribution is obviously a serious crime, one that causes significant damage to the community. However, defendant's role in this conspiracy was quite limited. He basically introduced a dealer to a supplier and hoped for some small cut of the profits the dealer realized. Therefore, I did not see a need for prison to provide just punishment for his particular conduct. I did, however, impose a significant period of home confinement in order to provide a sufficient measure of punishment. See 18 U.S.C. § 3553(a)(2)(A).

I also did not see a need for prison to protect the public. See § 3553(a)(2)(C). Defendant had no prior record and did well after his arrest, staying away from drugs, working and supporting his family. I also saw no need to send him to prison to deter him from re-offending, as it appeared that this process had a significant impact on him. See § 3553(a)(2)(B). Defendant's correctional needs include continued drug treatment, which was best obtained in the community. See § 3553(a)(2)(D). Finally, under these circumstances, where the public was not endangered by defendant's presence in the community, I also considered the needs of defendant's family and small child.

The guidelines recommended 24-30 months in prison, but that range was based largely on the amount of ecstasy sold to the undercover officer. Defendant did not personally

4

distribute those pills, and for the reasons stated herein, none of the statutory purposes of sentencing required a prison sentence. Rather, under all of the circumstances, I found a sentence of probation with a condition of six months home confinement sufficient but not greater than necessary. Defendant's crime was best described as being the result of a stupid, immature decision. He deserved a chance on probation.[2]

### III. CONCLUSION

Therefore, I placed defendant on probation for a period of three years. As conditions, I ordered him to serve six months of home confinement, continue in drug treatment and, in lieu of a fine, perform twenty hours of community service work per year. This sentence varied from the guidelines, but it was well-supported by the § 3553(a) factors. Thus, it did not create unwarranted disparity. See 18 U.S.C. § 3553(a)(6); see also United States v. McGee, 479 F. Supp. 2d 910, 913 (E.D. Wis. 2007) (stating that "disparity between the sentences of two similarly situated defendants will, under the Booker advisory guideline regime, be unwarranted only if the judge fails to provide sufficient reasons for the difference, grounded in the § 3553(a) factors"). Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[2] As I advised defendant at the sentencing hearing, any violations would result in revocation of probation, permitting me to re-sentence him to up to 20 years in prison. See 18 U.S.C. § 3565(a)(2).

5